[29 NYS3d 843]

In the Matter of JEFFREY A. LAZROE, an Attorney, Respondent.
GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT,
Petitioner.

Fourth Department, May 6, 2016

## APPEARANCES OF COUNSEL

*Roderick Quebral, Principal Counsel, Attorney Grievance Committee of the Eighth Judicial District,* Buffalo, for petitioner.

*Patrick J. Brown,* Buffalo, for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court on September 12, 1972, and maintains an office in Buffalo. The Grievance Committee filed a petition alleging two charges of misconduct against respondent, including failing to act with diligence in a client matter, failing to refund an unearned legal fee in a prompt manner, and failing to cooperate in the investigation of the Grievance Committee. Respondent filed an answer denying material allegations, and this Court appointed a referee to conduct a hearing. Prior to the hearing, however, the parties entered into a stipulation resolving all factual issues concerning the charges of misconduct. The Referee thereafter filed a report setting forth factual findings based upon the admissions contained in respondent's answer and the stipulation of the parties. The Grievance Committee moves to confirm the findings of the Referee and, in response to the motion, respondent appeared before this Court and submitted matters in mitigation.

With respect to charge one, the Referee found that, in 2008, respondent agreed to represent two clients on a contingency fee basis to pursue claims for alleged personal injuries suffered by them in two separate automobile accidents. The Referee found that respondent failed to pursue one matter and ceased working on both matters without advising the clients to retain replacement counsel or to take any other action to preserve their potential claims. In relation to a third client matter, the Referee found that, in October 2014, respondent agreed to represent a client in an estate matter and accepted a retainer fee in the amount of $1,500. The Referee found that, although the client in March 2015 advised respondent that he no longer wanted to pursue the matter and requested that respondent refund the legal fee that had been paid in advance, respondent did not provide a refund to the client until June 2015, after the client had filed a complaint with the Grievance Committee.

With respect to charge two, the Referee found that, in March and April 2015, respondent failed to respond to seven letters from the Grievance Committee regarding the conduct at issue in charge one and, in May 2015, he failed to appear for a formal interview with counsel for the Grievance Committee, necessitating the issuance of a subpoena by this Court ordering him to appear.

Inasmuch as the findings of the Referee are supported by the record, we grant the Grievance Committee's motion to confirm them, find that respondent is guilty of professional misconduct, and conclude that he has violated the following Rules of Professional Conduct (22 NYCRR 1200.0):

rule 1.3 (a)—failing to act with reasonable diligence and promptness in representing a client;

rule 1.16 (e)—withdrawing from the representation of a client without taking steps, to the extent reasonably practicable, to avoid foreseeable prejudice to the rights of the client and failing to refund promptly any part of a fee paid in advance that has not been earned;

rule 8.4 (d)—engaging in conduct that is prejudicial to the administration of justice; and

rule 8.4 (h)—engaging in conduct that adversely reflects on his fitness as a lawyer.

In determining an appropriate sanction, we have considered the matters submitted by respondent in mitigation, including his statement that the misconduct occurred at a time when he was suffering from health problems and depression for which he has since sought treatment. We note, however, that respondent's extensive disciplinary history is an aggravating factor. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be suspended from the practice of law for a period of one year and until further order of this Court. In addition, upon any application to this Court for reinstatement to the practice of law, respondent shall submit a report from his medical provider confirming that he is in compliance with any recommended mental health treatment program and that he continues to have the mental capacity to practice law.

CENTRA, J.P., PERADOTTO, LINDLEY, CURRAN and SCUDDER, JJ., concur.

Order of suspension entered.